# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 4472 | **DATE** | 6/13/2011 |
| **CASE TITLE** | Scottsdale Indemnity Company et al vs. Village of Crestwood et al | | |

**DOCKET ENTRY TEXT**

Defendant Earley's motion to alter judgment [250] is denied. Plaintiff's motion to amend/correct [253] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Plaintiffs Scottsdale Indemnity Company and National Casualty Company (together, "the Insurers") brought a declaratory judgment action seeking an order that they have no duty to defend or indemnify the Village of Crestwood and several of its employees ("the Crestwood Defendants") in a series of lawsuits brought by individuals, including the Earley Defendants, allegedly harmed by pollution in a well used by the Village for drinking water. On March 24, 2011, the Court granted summary judgment to the Insurers, finding the pollution exception in the insurance policies at issue applied and the Insurers had no duty to defend or indemnify the Crestwood Defendants. (*See* Doc. 248.)

   The Insurers's unopposed Rule 60(a) motion to alter or amend the Court's March 24 order is granted. Though the judgment accompanying the opinion (Doc. 249) mentions that the Insurers have no duty to defend, it does not mention any duty to indemnify. The Court's opinion is clear that the Insurers have no duty to defend or indemnify, and the judgment is amended to include the duty to indemnify explicitly. (*See* Doc. 248 at 15 (holding "the Insurers did not breach the insurance policies, as they had no duty to defend the Crestwood Defendants, nor the duty to indemnify them in the underlying suits" and citing *Health Care Industry Liability Insurance Program v. Momence Meadows Nursing Center*, 566 F.3d 689, 693 (7th Cir. 2009)). Also, the opinion and judgment is amended to reflect that the Insurers have no duty to defend or indemnify the Crestwood Defendants in connection with the lawsuit captioned *Olatunde, et al. v. Village of Crestwood, et al.*, No. 2010 L 011548 ("*Olatunde III*"), currently pending in the Circuit Court of Cook County, Illinois, as described in the supplement to the Insurer's fifth amended complaint. (Doc. 239.)

   The Earley Defendants, plaintiffs in one of the underlying suits, filed a Rule 59(a) motion to alter or amend the Court's March 24 opinion. The Earley Defendants assert that their underlying complaint does not concern pollution, but rather that the Village was negligent in the way it operated its water delivery equipment. To alter or amend the Court's judgment under Rule 59(e), the Earley Defendants must show a manifest error of

| **STATEMENT** |
|---|

law or fact or present newly discovered evidence. *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

In support of their motion, the Earley Defendants attach various expert declarations from the underlying case describing what, in those experts' opinion, the Village did wrong. They imply that this is "newly discovered evidence" that should now be considered. Setting aside that this evidence could have been obtained before the Court entered summary judgment, the Court would not have considered it anyway. Under Illinois law, the Court compares the underlying complaint to the policies at issue to determine if there is a duty to defend. *See Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010) (applying Illinois law). The insurance policies at issue are not ambiguous and the coverage issue could be resolved as a matter of law without resorting to extrinsic evidence.

The Earley Defendants expert opinions, even if considered, would not change the Court's analysis. The factual predicate of the Earley Defendants' complaint—like all the underlying complaints—is that the Village distributed contaminated water. Indeed, the very first allegation in their underlying complaint (attached to their reply brief) is "[t]his complaint arises out of the supply and concealment of contaminated water to residents" of the Village. (*See* Doc. 258-1 at 6.) Regardless of what theories of liability the they may assert through experts in the underlying case, the question under *American States Insurance Co. v. Koloms* is whether the complaint arises from traditional environmental pollution. *See* 687 N.E.2d 72, 79-81 (Ill. 1997). The Earley Defendants' case arises from well water pollution, which is traditional environmental pollution. Consequently, the case falls squarely inside the pollution exclusion. In essence, the Earley Defendants' argument is of the Crestwood Defendants' "sale of a defective product" theory in new packaging. The Court already rejected that argument in its March 24 order.

Finally, the Earley Defendants assert that a few of the insurance policies at issue are ambiguous because the table of contents has a page pagination problem. Though the Earley Defendants mentioned this contention during oral argument, they did not believe it had enough merit to make it part of the lengthy summary judgment briefing in this case. In any event, the pollution exclusions are not ambiguous because they are not subject to two reasonable interpretations. *See Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 655 N.E.2d 842, 846 (Ill. 1995). The pagination problem does not change the words of the pollution exclusion or *Koloms*' interpretation of it. The Earley Defendants' motion is denied.